# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| GenCorp, Inc., | : | Case No. 1:93CV2269 |
| | : | |
| Plaintiff | : | |
| | : | Magistrate Judge David S. Perelman |
| v. | : | |
| | : | |
| Olin Corporation, | : | |
| | : | **MEMORANDUM OPINION** |
| Defendant | : | |

Although the parties are all too familiar with the history of this action to this time an abbreviated summary, necessary as a predicate for dealing with the recently filed motions of GenCorp, follows beginning with this Court's decision finding that under §113(f)(1) of CERCLA GenCorp, as an owner or operator of the TDI Plant and as an arranger for disposal of wastes at Big D, was liable to Olin for portions of the response costs incurred by Olin at those sites.

GenCorp moved this Court for reconsideration of that holding in light of the decision in Aviall Services, Inc. v. Cooper Industries, 263 F.3d 134, 145 (5th Cir. 2001), in which it had been held that a pending or completed civil action under Sections 106 or 107(a) of CERCLA is a prerequisite to maintaining a §113(f)(1) contribution claim. While that motion was pending the Fifth Circuit sitting en banc reversed the panel decision, Aviall Services, Inc. v. Cooper Industries, 312 F.3d 677 (5th Cir. 2002). Nevertheless, GenCorp continued to urge this Court to grant the motion for reconsideration, focusing on the position taken by the dissent in the en banc Aviall decision. This Court denied that motion, and entered final judgment in favor of Olin.

GenCorp appealed this Court's final judgment to the Sixth Circuit Court of Appeals.  Despite having indicated to the appellate court that there would be an assignment of error addressing the Aviall issue there was no mention thereof in GenCorp's brief on appeal, even though by the time it was filed the United States Supreme Court had granted certiorari in Aviall.  The briefing to the Supreme Court in Aviall was completed prior to the oral arguments on the appeal in this action, yet there was no mention of the Aviall issues in that argument.

On November 22, 2004 the Sixth Circuit entered its ruling upholding this Court's decision as to GenCorp's past liability to Olin, GenCorp, Inc., v. Olin Corp., 390 F.3d 433 (6th Cir. 2004).  In that ruling the court also considered a cross-appeal by Olin from this Court's declination to grant Olin a declaratory judgment as to future response costs, and vacated this Court's decision on that aspect of the case.  The Sixth Circuit found that the existing record did not contain "sufficient evidence of future response costs to satisfy the 'case or controversy' requirement" and remanded the case for further consideration by this Court of that issue.

Only after the Sixth Circuit affirmed this Court's decision as to GenCorp's liability to Olin did GenCorp raise the Aviall issues, petitioning for rehearing en banc and arguing that if the Supreme Court reversed the judgment of the Fifth Circuit then "Olin's contribution claim in this case may be barred."

In Cooper Industries v. Aviall Services, Inc., 543 U.S. 157 (2004), the Supreme Court did reverse the Fifth Circuit's en banc decision.  After that decision  issued, GenCorp filed with the Sixth Circuit a reply brief in support of petition for rehearing en banc in which it addressed the effects of the Supreme Court's decision in Cooper Industries on this case, arguing that Olin's contribution claims were now barred because Olin had not been the subject of a civil action under

Sections 106 or 107(a) of CERCLA, but rather incurred response and remediation costs by complying with unilateral administrative orders ("UAOs") which were not deemed "civil actions." GenCorp also filed with the Sixth Circuit a motion to vacate and remand its decision on GenCorp's liability in light of the Supreme Court's decision in <u>Aviall</u> which GenCorp argued "undermine[d] the sole basis for GenCorp's liability," asserting that under the Supreme Court's decision contribution actions may only be brought under § 113(f)(1) of CERCLA by parties against whom a civil action had been brought or was pending under either Section 106 or 107(a) of CERCLA and disputing Olin's claim that the UAOs issued against it constituted "civil actions" sufficient to fulfill the prerequisite for filing under § 113(f)(1).

In opposing that motion to vacate Olin argued (as it now does) that GenCorp had waived the <u>Aviall</u> issue as well as the issue as to whether a UAO issued under Section 106 could be deemed a "civil action" for purposes of filing a claim for contribution under § 113(f)(1), but that even if the issues had not been waived the Section 107(a) cost recovery actions which had been brought by the EPA against Olin for Big D and Fields Brook, as well as the case initiated under Section 107 by GenCorp against Olin for a determination of liability and the Section 107 action brought against Olin by PRPs for RES (<u>Reserve Environmental, Inc. v. Detrex Corp.</u>, Case No. 4:93CV1157 (N.D.Ohio)), all satisfied the prerequisite for filing a claim for contribution under § 113(f)(1).

On January 21, 2005 the Sixth Circuit denied GenCorp's motion to vacate its prior judgment affirming this Court's decision regarding GenCorp's liability and remanding the case to this Court for the limited determination as to whether there was a "case or controversy" as to future costs owed to Olin, and on March 29, 2005 denied GenCorp's petition for rehearing <u>en</u> <u>banc</u>.

GenCorp then filed with the United States Supreme Court a petition for writ of certiorari,

3

requesting the court to consider the issue reserved in <u>Cooper Industries</u>, being whether UAOs could be considered "civil actions" to satisfy the prerequisite for filing under § 113(f)(1).  That petition was denied on October 11, 2005.

Two days later GenCorp filed with this Court on remand a motion for summary judgment and for relief from judgment, arguing that: (1) Olin cannot meet the threshold test for a § 113(f)(1) contribution claim, as it was not subject to a prior civil action for response costs; (2) UAOs are not "civil actions" under that threshold test; and (3) the Supreme Court's decision in <u>Cooper Industries v. Aviall Services, Inc</u>., <u>supra</u>, constituted an intervening change in law which compels the reversal of liability against GenCorp for contribution relating to Olin's past response and remediation costs, in addition to barring recovery for future costs.

Olin argues in response that: (1) the <u>Aviall</u> issue raised by GenCorp is beyond the scope of the limited remand and cannot be considered by this Court; (2) GenCorp is not entitled to reopen the final judgment based solely upon the Supreme Court's decision in <u>Aviall</u>; (3) GenCorp's abandonment of the <u>Aviall</u> issue in the appeal to the Sixth Circuit renders Rule 60(b)(6) relief unavailable;  (4) even if this Court was to consider the impact of the Supreme Court's decision in <u>Aviall</u> on this case the judgment would nonetheless stand in light of the fact that the Section 107(a) cost recovery actions which had been brought by the EPA against Olin for Big D and Fields Brook, as well as the case initiated under Section 107 by GenCorp against Olin for a determination of liability, and the Section 107 action brought against Olin by PRPs for RES all satisfied the prerequisite for filing a claim for contribution under § 113(f)(1) as set forth in <u>Aviall</u>; and (5) if this Court did agree to reopen its judgment in light of <u>Aviall</u> then it would also be required to reconsider the issue as to whether Olin has a separate right of action under Section 107.

4

The Sixth Circuit Court of Appeals affirmed this Court's judgment as to contribution liability and relative shares of remediation costs, and only remanded on the narrow issue of whether a declaratory judgment should have been granted on the issue of future response costs:

> Entry of a declaratory judgment, however, cannot be fully mandatory. Under Article III of the United States Constitution, "Congress cannot create a right of action where no case or controversy otherwise exists." *Kelley*, 17 F.3d at 844. In order to satisfy the "case or controversy" requirement, "a party seeking declaratory relief must allege facts to support a likelihood" that it will incur future costs recoverable under CERCLA. *Id*. at 845. Based on the record before us, we are unable to find sufficient evidence of future repose costs to satisfy the "case or controversy" requirement. Therefore, we remand this jurisdictional issue to the district court for initial consideration of whether a "case or controversy" exists, and if so, for the entry of a declaratory judgment for future response costs.

The limited language of the mandate specifies:

> For these reasons, we affirm the district court's judgment as to GenCorp's contribution liability and its (and Olin's) relative shares of the remediation costs. We remand, however, for a determination by the district court whether a "case or controversy" exists with respect to continuing clean-up costs, and if that jurisdictional requirement is satisfied, for the entry of a declaratory judgment.

Despite the arguments on the <u>Aviall</u> issue raised by GenCorp in the petition for rehearing <u>en banc</u> and the motion to vacate, the appellate court determined that the foregoing limited mandate should remain unaltered.

The parties agree that under the "mandate rule" upon remand by the appellate court this Court is obliged to comply with the dictates of that court and may not relitigate issues which have been expressly or impliedly decided by that court. <u>United States v. O'Dell</u>, 320 F.3d 674, 679 (6th Cir. 2003). Stated differently, this Court is bound to the law of the case established on appeal. Wright, Miller & Cooper, <u>Federal Practice and Procedure</u>: Jurisdiction 2d §§4478, 4478.3.

However, GenCorp argues that in this case an intervening change in the law provides an exception to that rule and permits this Court to expand the narrow mandate of the Sixth Circuit so as to address the <u>Aviall</u> issue.

That argument could have  merit if not for one critical flaw– GenCorp already argued to the Sixth Circuit, in its petition for rehearing <u>en banc</u> and in its motion to vacate, the intervening change in the law issue and that court was not persuaded that the Supreme Court's decision in <u>Aviall</u> called for a change in its rulings.  GenCorp would have this Court do on remand  that which it could not convince the Sixth Circuit to do, despite the fact that a Rule 60(b) motion made to this court on remand cannot serve to reopen the appellate court decision, Wright, Miller & Cooper, <u>Federal Practice and Procedure</u>: Jurisdiction 2d §4478.3, absent extraordinary circumstances *other* than those already presented to the appellate court.  This Court cannot now, without any further intervening factor, reconsider that issue.

It follows that GenCorp's motion for summary judgment and motion for relief from judgment must be denied.

GenCorp has also moved for a stay of enforcement of judgment pursuant to Rule 62(h) of the Federal Rules of Civil Procedure.  This motion, in addition to advancing the <u>Aviall</u> arguments raised in the motion for summary judgment, implicates a claim made by GenCorp against Olin regarding the duty to insure and litigation brought by Olin in another jurisdiction against a number of insurance companies.

This Court, in the primary decision herein, found that delaying entry of final judgment in light of these considerations was not warranted.  This Court now holds that stay of enforcement of that judgment is also not warranted, and this motion is denied.

Finally, in the briefing on GenCorp's motions the question of whether this Court should now resolve the issue regarding future response costs has been raised.  This Court is not inclined to do so.

This Court renews the observations made in the Memorandum Opinion entered December 1, 2004, and will grant Olin until December 16, 2005 to tender the submission previously called for, with the response and reply times as previously set.


                                        DAVID S. PERELMAN
                                        United States Magistrate Judge


DATE:    November 3, 2005

7